IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Global Technology International, Ltd. | ) | C/A NO. 0:12-3041-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Continental Automotive Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's amended complaint alleging breach of contract. Defendant has moved pursuant to Federal Rule of Civil Procedure 12(b)(2) and (b)(3) to dismiss for lack of personal jurisdiction and improper venue.  In the alternative, Defendant moves for dismissal or for transfer pursuant to 28 U.S.C. § 1404(a).  ECF No. 13.  Plaintiff has responded in opposition, and Defendant has replied.  For the reasons set forth below, the court **grants** Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).[1]

### BACKGROUND

Plaintiff Global Technology International, Ltd. (GTI), filed suit in this court against Defendant Continental Automotive Sytems, Inc. (CAS), alleging breach of contract.  *See* Am. Compl. (ECF No. 6).  Plaintiff alleges CAS has failed to pay certain invoices relating to its order of automotive circuit boards.  Plaintiff seeks actual damages, pre- and postjudgment interest, and attorneys' fees and costs.

---

[1] Defendant also contends that it has not properly been served with process.  However, Defendant does not move to dismiss under Federal Rule of Civil Procedure 12(b)(5), and, accordingly, this defense is waived in this court.

1

Plaintiff contends jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332(a)(2). Plaintiff GTI is a corporation organized and existing pursuant to the law of the British Virgin Islands, with its principal place of business in Hong Kong. As alleged by Plaintiff, CAS is "an entity domiciled" in South Carolina. Am. Compl. at 1. Plaintiff also alleges CAS is a Delaware corporation "with a principal business address" in Fort Mill, South Carolina. *Id*.

### STANDARD

The federal diversity statute, Title 28 U.S.C. § 1332(c)(1), provides that "a corporation shall be deemed to be a citizen of any State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ." The phrase "principal place of business" has been construed by the Supreme Court to mean "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *The Hertz Corp. v. Friend*, 559 U.S. 77, __, 130 S. Ct. 1181, 1186 (2010). This place is usually "the corporation's main place of business," *id*. at 1193. However, "the mere filing of a form . . . listing a corporation's 'principal executive offices' would, without more, [not] be sufficient proof to establish a corporation's" principal place of business. *Id*., 559 U.S. at __, 130 S. Ct. at 1195.

Rule 12(b)(2) of the Federal Rules of Civil Procedure is applicable to motions to dismiss for lack of personal jurisdiction. When the court addresses a jurisdictional question on the basis of the written materials submitted by the parties without an evidentiary hearing, Plaintiff need only make a prima facie showing of a sufficient jurisdictional basis. *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989)). To determine whether a plaintiff has satisfied this burden, the court may consider both defendant's and plaintiff's "pleadings, affidavits, and other supporting documents presented to the court" and

must construe "all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). The court, however, need not "credit conclusory allegations or draw farfetched inferences." *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994).

Personal jurisdiction over an out-of-state defendant may be either specific or general. A court exercises specific jurisdiction when a cause of action arises out of or is related to a defendant's activities within the forum state. *See* S.C. Code Ann. § 36-2-803; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). If, on the other hand, the suit is unrelated to the defendant's contacts with the forum state, a court must evaluate whether it may exercise general jurisdiction over a defendant. *See* S.C. Code Ann. § 36-2-802; *Helicopteros Nacionales*, 466 U.S. at 414. The threshold level of minimum contacts necessary to confer general jurisdiction is significantly higher than for specific jurisdiction. *See Helicopteros Nactionales*, 466 U.S. at 414 nn. 8-9. To establish general *in personam* jurisdiction, a defendant's contacts with the forum state must be "so continuous and systematic as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. __, __, 131 S. Ct. 2846, 2851 (2011) (internal quotation and citation omitted).

**DISCUSSION**

Plaintiff argues this court should exercise general jurisdiction over Defendant because Defendant's "principal office" is in Fort Mill, South Carolina, that several official filings with certain states indicate that South Carolina is CAS's principal place of business; that several of CAS's officers are located in South Carolina; and that "[g]iven that most of CAS's officers and directors

3

are located in Fort Mill . . . it is very likely that some of the witnesses that may be deposed or called to testify at trial in this case are located in South Carolina," Resp. at 5 (ECF No. 17). Plaintiff maintains that it is "reasonable and fair to exercise personal jurisdiction over CAS in South Carolina." *Id*. at 7.

Defendant argues that dismissal is appropriate as this court should not exercise specific or general jurisdiction personal jurisdiction over Defendant. In its response to Defendant's dismissal motion, Plaintiff concedes that no specific *in personam* jurisdiction over Defendant exists, as Plaintiff "does not possess information at this time regarding the extent to which its claim against CAS arose from CAS's activities in South Carolina . . . ." Resp. at 5 (ECF No. 17). Accordingly, the court need not reach the issue of whether it has specific jurisdiction over CAS.

As to general *in personam* jurisdiction, the South Carolina long-arm statute permits a South Carolina court to exercise general jurisdiction over a defendant where the plaintiff establishes that the defendant has an "enduring relationship" with the forum state. *See* S.C. Code Ann. § 36-2-802; *Coggeshall v. Reprod. Endocrine Assoc. of Charlotte*, 655 S.E.2d 476, 479 (S.C. 2007) ("An enduring relationship is indicated by contacts that are substantial, continuous, and systematic."). As noted above, for this court to exercise general jurisdiction over Defendant, Defendant's contacts with South Carolina must be must be "so continuous and systematic as to render [it] essentially at home" in this state. *Goodyear Dunlop*, 564 U.S. at __, 131 S. Ct. at 2851.

Defendant presents the following uncontested facts in the declaration of Robert Patton (Patton), CAS's General Counsel, Commercial Affairs:

1. CAS is a Delaware corporation with its principal place of business in Michigan. (Decl. of Robert Patton ("Patton Decl.") at ¶¶ 3, 5).

2. In either 2004 or 2005, a Texas facility of CAS[2] began purchasing goods from GTI through a third party "pursuant to the terms and conditions of standard purchase orders (POs) which governed aspects of the transaction." *Id*. at ¶ 8.[3]

3. The POs contained preprinted terms and conditions which required, *inter alia*, that "any claims or disputes" "will be submitted to non-binding mediation prior to initiation of any formal legal process."[4] ¶ 9

4. The POs used to purchase goods from GTI stated the goods were to be shipped from Hong Kong to CAS's Texas manufacturing facility and invoices forwarded to CAS at its place of business in Deer Park, Illinois. *Id*. at ¶ 10.

5. In 2007, a dispute arose between the parties "regarding the payment for the goods" GTI sold to CAS. There were written and oral communications relating to the issues "between CAS employees who were located at either its Deer Park, Illinois location or the Texas facility" and GTI employees "who were located in places other than South Carolina." *Id*. at 11.

6. In 2008, counsel for GTI made a written demand to CAS at its "business location" in Deer

---

[2]The predecessor company to CAS was Temic Automotive of North America, Inc., which acquired the automotive assets of Motorola, Inc. via an asset purchase sale. As the result of an intercompany merger, Temic changed its name to Continental Automotive Services, Inc. (CAS) effective December 31, 2009.

[3]The complaint indicates CAS first purchased goods from GTI's predecessor company beginning in 2004. Am. Compl. at ¶ 7. Patton maintains CAS began purchasing goods from GTI in 2005. Patton Decl. at ¶ 8. Patton later asserts "[b]etween 2004 and 2007, CAS and [GTI] employed a standard course of dealing in which they utilized the pre-printed POs . . . ." *Id*. at ¶ 10.

[4]Patton's declaration indicates that the "PO Terms and Conditions require, among other things, that 'any claims or disputes' 'will be submitted to non-binding mediation prior to initiation of any formal legal process' *in Illinois*." Decl. of Robert Patton at ¶ 9 (ECF No. 13-2) (emphasis added). Additionally, the Terms and Conditions of the PO state that "[t]his order shall be governed by the laws of the state of Illinois." *Id*. at ¶ 24.

5

Park, Illinois, for "amounts it claimed it was owed for goods delivered to CAS in response to POs sent by CAS from the Deer Park, Illinois location or the Texas facility." ¶ 12.

7. In November 2008, GTI and CAS conducted non-binding mediation "of the parties' dispute in Chicago, Illinois pursuant to the terms and conditions of the POs." *Id*.

Bert Franks, Assistant Treasurer of CAS, presents the following uncontested facts in a separate declaration:

1. Five (5) of CAS's seventeen (17) officers and directors are based in Fort Mill, South Carolina. With the exception of Patton, all five of "these South Carolina based officers and directors are employed by either" Continental Tire the Americas, LLC ("CTA") or Continental Automotive Systems US, Inc. ("CAS-US") "and provide administrative services for CAS for which they bill [CAS] pursuant to" a "shared services business model." Decl. of Bert Franks (hereinafter "Franks Decl.") at ¶ 6 (ECF No. 13-3).

2. Franks makes filings with state agencies "for and on behalf of various independent corporate entities, including CAS . . . . I act in this regard pursuant to a corporate shared services model in which various CTA employees provide administrative functions for CAS, CAS-US, and CTA. Under this business model, the CTA employees who act in this regard allocate the costs for such administrative services . . . to the corporate entities for whom [sic] they provide them, including CAS." *Id*. at ¶ 2.

3. Pursuant to his job responsibilities, Franks has made a variety of types of filings with state agencies, such as "income, franchise, sales, use, property, and excise tax filings, as well as annual reports." *Id*.

4. To ensure that he receives "all appropriate confirmations of filings, and any other

6

important correspondence from such state agencies, I list the address of CTA, 1830 MacMillan Park Drive, Fort Mill, South Carolina, as the proper mailing address for the corporate entities on whose behalf I am making the aforementioned filings." *Id*. at ¶ 4.

5. Franks contends that "as a result of [these] actions, . . . certain state filings made on behalf of CAS over the past several years . . . erroneously identify South Carolina as its principal place of business. In reality, Auburn Hills, Michigan has been CAS' principal place of business since I began my career with CTA in 2004 and continues to be at this time." *Id*. at 5.

In response to these declarations, Plaintiff presents a copy of the standard purchase order in question, as well as several of the state filings referenced by Franks. Plaintiff argues that CAS's "principal office" is located in Fort Mill, South Carolina, and that "CAS's assertion to the contrary" is inconsistent with representations made to various state agencies. Resp. at 6.

As noted above, Plaintiff bears the burden of establishing a prima facie showing of a sufficient jurisdictional basis for this court to exercise general jurisdiction over CAS. This court can only exercise general jurisdiction over CAS when CAS's connection with South Carolina establishes a "continuous and systematic affiliation necessary to empower [the state] courts to entertain claims unrelated to the foreign corporation's contacts with the State." *Goodyear Dunlop*, 564 U.S. at __, 131 S. Ct. at 2851. As noted by the Supreme Court, "the mere filing of a form . . . listing a corporation's 'principal executive offices' would, without more, [not] be sufficient proof to establish a corporation's" principal place of business. *Hertz Corp.*, 559 U.S. at __, 130 S. Ct. at 1195. Plaintiff has made no showing of a "continuous and systematic affiliation" by CAS which would subject CAS to this court's exercise of general jurisdiction.

**CONCLUSION**

For the reasons noted above, Defendant CAS's motion to dismiss for lack of personal jurisdiction is granted and this matter is dismissed.[5]

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie  
CAMERON McGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
April 29, 2013

---

[5] As this court grants this motion to dismiss, it need not reach Defendant's alternate grounds for relief.